Case 6:16-cr-00017-MHS-JDL Document 1 Filed 03/16/16 Page 1 of 12 PageID #: 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 16 2016
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:16CR17 |
| | § | JUDGE MHS/JDL |
| HALEY STILL (01) | § | |
| COURTNEY CRIM-GROSS (02) | § | SEALED |
| JAMES TODD HARRINGTON, JR. (03) | § | |
| DAVID WAYNE WILLIAMS (04) | § | |
| CHAD DAVID DUNAWAY (05) | § | |
| TIMOTHY PAUL MORALES (06) | § | |
| BRANDON SCOTT CHEATUM (07) | § | |
| BRANDON MICHAEL ALLEN (08) | § | |
| GLORIA AGUILAR (09) | § | |
| JASON RAY RAGAN (10) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation: 21 U.S.C. § 846
(Conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance)

Beginning on or about January, 2014, the exact date being unknown to the United States Grand Jury, and continuing thereafter until at least the date of the return of this indictment, in the Eastern District of Texas, **Haley Still, Courtney Crim-Gross, James Todd Harrington, Jr., David Wayne Williams, Chad David Dunaway, Timothy Paul Morales, Brandon Scott Cheatum, Brandon Michael Allen, Gloria Aguilar, and Jason**

Indictment - Page 1

**Ray Ragan,** the defendants herein, did knowingly, intentionally and unlawfully, combine, conspire, confederate, and agree with each other and with others, both known and unknown to the United States Grand Jury, to violate a law of the United States of America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual) and cocaine base, Schedule II controlled substances, as set forth hereinafter.

## COUNT TWO

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute methamphetamine)

On or about October 7, 2015, in the Eastern District of Texas, **Haley Still,** the defendant herein, did knowingly and intentionally possess with intent to distribute more than 50 grams of methamphetamine (actual), a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## COUNT THREE

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute methamphetamine)

On or about December 7, 2015, in the Eastern District of Texas, **Courtney Crim-Gross,** the defendant herein, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## COUNT FOUR

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute methamphetamine)

On or about October 15, 2015, in the Eastern District of Texas, **James Todd Harrington, Jr.,** the defendant herein, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## COUNT FIVE

        Violation: 21 U.S.C. § 841(a)(1)
        (Possession with intent to distribute
        methamphetamine)

On or about January 5, 2016, in the Eastern District of Texas, **James Todd Harrington, Jr.**, the defendant herein, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance,

    In violation of 21 U.S.C. § 841(a)(1).

## COUNT SIX

        Violation: 21 U.S.C. § 841(a)(1)
        (Possession with intent to distribute
        methamphetamine)

On or about January 10, 2016, in the Eastern District of Texas, **James Todd Harrington, Jr.**, the defendant herein, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance,

    In violation of 21 U.S.C. § 841(a)(1).

## COUNT SEVEN

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with intent to distribute methamphetamine)

On or about November 14, 2015, in the Eastern District of Texas, **Chad David Dunaway**, the defendant herein, did knowingly and intentionally possess with intent to distribute more than five but less than 50 grams of methamphetamine (actual), a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## COUNT EIGHT

> Violation: 18 U.S.C. § 922(g)(1)
> (Felon in Possession of a Firearm)

On or about December 16, 2015, in the Eastern District of Texas, the defendant, **Timothy Paul Morales**, having been convicted of an offense punishable by imprisonment for a term exceeding one year, to wit: Aggravated Assault With a Deadly Weapon, a felony, in Case No. 12CR2515, in the 10th District Court of Galveston County, Texas, on April 14, 2014, did knowingly, intentionally and unlawfully possess in and affecting commerce, a firearm, to wit: a Taurus, Model 85FS, .38 caliber revolver, bearing serial number G010787, which had been shipped and transported in interstate commerce,

In violation of 18 U.S.C. § 922(g)(1).

## COUNT NINE

>Violation: 21 U.S.C. § 841(a)(1)
>(Possession with intent to distribute methamphetamine)

On or about September 2, 2015, in the Eastern District of Texas, **Brandon Scott Cheatum, Brandon Michael Allen,** and **Gloria Aguilar,** the defendants herein, aided and abetted by each other, did knowingly and intentionally possess with intent to distribute more than five but less than 50 grams of methamphetamine (actual), a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## COUNT TEN

>Violation: 18 U.S.C. § 924(c)
>(Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about September 2, 2015, in the Eastern District of Texas, **Gloria Aguilar,** the defendant herein, did knowingly and intentionally use, carry, and possess a firearm during and in relation to a drug trafficking crime for which she may be prosecuted in a court of the United States, that is possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as charged in Count Nine of this indictment, in violation of 21 U.S.C. § 841, and in furtherance of said crime possessed an EIG, .38 caliber derringer, bearing serial number 19196,

In violation of 18 U.S.C. § 924(c)(1)(B).

## COUNT ELEVEN

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute methamphetamine)

On or about October 21, 2014, in the Eastern District of Texas, **Brandon Michael Allen**, the defendant herein, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## COUNT TWELVE

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute methamphetamine)

On or about October 8, 2015, in the Eastern District of Texas, **Jason Ray Ragan**, the defendant herein, did knowingly and intentionally possess with intent to distribute methamphetamine, a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, & 28 U.S.C. §2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2. any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3. any and all firearms, ammunition and accessories seized from the defendants, including but not limited to the following:

### Firearm seized from Gloria Aguilar:

EIG, .38 caliber derringer, bearing serial number 19196

### Cash Proceeds:

$50,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with a third person;
    (c)    has been placed beyond the jurisdiction of the court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461.

                                        A TRUE BILL

                                        GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

JIM MIDDLETON                          3/16/16
Assistant United States Attorney     Date
110 N. College, Suite 700
Tyler, Texas   75702
(903) 590-1400
(903) 590-1439 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| V. § § | CRIMINAL NO. 6:16CR_____ <br> JUDGE _____ |
| HALEY STILL (01) § <br> COURTNEY CRIM-GROSS (02) § <br> JAMES TODD HARRINGTON, JR. (03) § <br> DAVID WAYNE WILLIAMS (04) § <br> CHAD DAVID DUNAWAY (05) § <br> TIMOTHY PAUL MORALES (06) § <br> BRANDON SCOTT CHEATUM (07) § <br> BRANDON MICHAEL ALLEN (08) § <br> GLORIA AGUILAR (09) § <br> JASON RAY RAGAN (10) § | |

## NOTICE OF PENALTY

### COUNT 1

Violation: 21 U.S.C. § 846 (Conspiracy to possess with intent to distribute and distribution of 500 grams or more of methamphetamine, a Schedule II controlled substance)

Penalty: Imprisonment for a term of not less than 10 years or more than life, a fine not to exceed $10,000,000, or both. A term of supervised release of at least 5 years in addition to such term of imprisonment.

Special Assessment: $100.00

### COUNT 2

Violation: 21 U.S.C. § 841(A)(1) (Possession with intent to distribute and distribution of 500 grams or more of methamphetamine, a Schedule II controlled substance)

Indictment - Page 10

| | |
|---|---|
| Penalty: | Imprisonment for a term of not less than 10 years or more than life, a fine not to exceed $10,000,000, or both. A term of supervised release of at least 5 years in addition to such term of imprisonment. |
| Special Assessment: | $100.00 |

## COUNTS 7 and 9

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of methamphetamine, a Schedule II controlled substance) |
| Penalty: | Imprisonment for a term of less than 5 years or more than 40 years, a fine not to exceed $5,000,000, or both. A term of supervised release of at least 4 years in addition to such term of imprisonment. |
| Special Assessment: | $100.00 |

## COUNTS 3, 4, 5, 6, 11 and 12

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of methamphetamine or cocaine, Schedule II controlled substances) |
| Penalty: | Imprisonment for a term of not more than 20 years, a fine not to exceed $1,000,000, or both. A term of supervised release of at least 3 years in addition to such term of imprisonment. |
| Special Assessment: | $100.00 |

## COUNT 10

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both. A term of supervised release of not more than 5 years in addition to such term of imprisonment.<br><br>In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less than 25 years. |
| Special Assessment: | $100.00 |

## COUNT 8

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) (Felon in possession of a firearm) |
| Penalty: | Imprisonment for a term of not more than 10 years; a fine not to exceed $250,000, or both; a term of supervised release of not more than 3 years.<br><br>If a defendant has three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or a serious drug offense, or both, committed on occasions different from one another, said defendant shall be fined not more than $250,000.00 and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). |
| Special Assessment: | $100.00 |